# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**SAMUEL W. BARRETT, #122612**                                                          **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 5:09-cv-14-DCB-MTP**

**ARTHUR LAWLER, et al.**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the court, sua sponte, for consideration of dismissal. Plaintiff Barrett is an inmate incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, who has filed this complaint pursuant to 42 U.S.C. § 1983 on February 9, 2009. The named defendants are Arthur Lawler, Ed Hargett, Ms. Unknown Fuller, Ms. Unknown Lewis, Mr. Unknown Evans and Christopher B. Epps. The plaintiff seeks injunctive relief and monetary damages.

## Background

The plaintiff states that while incarcerated at Issaquena County Correctional Facility he was transferred to the Mississippi State Penitentiary for mental evaluation in July 2007. The plaintiff asserts that he was transferred without his personal property and has not received his personal property or an inventory slip regarding his property since the transfer. The plaintiff attached as exhibits to his complaint his requests for administrative remedy. The plaintiff presented a first, second and third step request and received a response from each step of the administrative remedy process. The plaintiff claims that he is still without his personal property.

## Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any

time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status Section 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that a complaint filed pursuant to 42 U.S.C. § 1983 is not cognizable absent the defendants' depriving the plaintiff of some right secured to the plaintiff by the Constitution or the laws of the United States. See Baker v. McCollan, 443 U.S. 137, 140 (1979) (first inquiry in any section 1983 suit is whether the defendant has deprived the plaintiff of a right secured by the Constitution).

It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post deprivation remedies exist. Hudson v. Palmer, 468 U.S. 517 (1984). This holds equally true for claims of negligent deprivation. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). State law may provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517 (1984); Marshall v. Norwood, 741 F.2d 761, 763 (5th Cir. 1984). Inmate grievance procedures put in place by the prison may also constitute an adequate post-deprivation remedy. See, e.g., Hudson, 468 U.S. at 536 n. 15. There is a inmate grievance procedure available to plaintiff for such a loss and plaintiff has utilized that procedure. See Mississippi Department of Corrections Inmate Handbook, Revised December 2001, Chapter VIII.

The State of Mississippi provides at least three post-seizure remedies, including actions for conversion, claim and delivery, and replevin, any of which plaintiff can use to recover the

property he insists was wrongfully taken from him. Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." Nickens v. Melton, 38 F.3d 183, 185 (5th Cir. 1994). Since the State of Mississippi affords plaintiff an adequate post deprivation remedy for the alleged loss or deprivation of his personal property, no due process violation exists and the plaintiff's assertion that the defendant has violated his constitutional rights is found to be without merit.

## Conclusion

As discussed above, the plaintiff has failed to present an arguable constitutional claim against these defendants. Therefore, this case will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(ii), with prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

## Three-strikes provision

Since this case shall be dismissed pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike"[1]. If the plaintiff receives "three strikes" he will be denied in forma pauperis status and will be required to pay the full filing fee to file a civil action or appeal.

SO ORDERED, this the 14th day of May, 2009.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."