**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**SAMUEL W. BARRETT, #122612**                                              **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 5:09-cv-14-DCB-MTP**

**ARTHUR LAWLER, et al.**                                              **DEFENDANTS**

<u>ORDER</u>

This matter is before the Court on the Plaintiff's motion for reconsideration [17] of this

Court's Final Judgment [16] entered May 14, 2009.  Plaintiff's complaint [1] asserted that he was

transferred to the Mississippi State Penitentiary for medical evaluation and did not receive his

personal property or an inventory slip.  This Court determined that no constitutional violation had

occurred and therefore, Plaintiff's case was dismissed with prejudice for failure to state a claim

for which relief can be granted.

In his motion for reconsideration [17], Plaintiff states that he filed his complaint in the

wrong jurisdiction and that he realizes it should have been filed in state court.  Plaintiff requests

that the judgment be altered to reflect that the case was dismissed without prejudice so that he

may file his complaint in state court.  Upon review of the motion and the Court record, the Court

makes the following conclusions.

Although a "motion for reconsideration" is not explicitly recognized by the FEDERAL

RULES OF CIVIL PROCEDURE, a litigant's request for such relief is evaluated as a motion "to alter

or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b).

<u>See</u> <u>Rogers v. KBR Technical Servs., Inc.</u>, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(citing

<u>Lavespere v. Niagara Mach. & Tool Works</u>, 910 F.2d 167, 173 (5th Cir.1990), abrogated on

other grounds).  When a "motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion."  Shepherd v. Int'l Paper  Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004).   Having reviewed the motion [17] as well as the record, this Court finds that this motion will be construed as one filed pursuant to Rule 60(b) since it was filed more than 10 days after entry of the judgment.

A party seeking relief under Rule 60(b) must show:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud,  .  .  .  misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied .  .  .;  or (6) any other reason justifying relief from the operation of the judgment.  FED. R. CIV. P. 60(b).  The Court finds that the Plaintiff has failed to provide justification for altering the previous ruling of the Court.  Further, this Court states that its ruling has no bearing on his ability to bring an action for the recovery of his lost property in state court.  Likewise, this Court is making no determination regarding the validity of Plaintiff's claim or its success in state court. It is, therefore,

ORDERED AND ADJUDGED that Plaintiff's motion to reconsider [17] is **denied**.

SO ORDERED, this the   22nd    day of September, 2009.

s/David Bramlette
UNITED STATES DISTRICT JUDGE